IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIO BARRERA<br>on behalf of himself individually,<br>and ALL OTHERS SIMILARLY<br>SITUATED | §<br>§<br>§<br>§ | Civil Action No. |
| Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | COLLECTIVE ACTION<br>(JURY TRIAL) |
| DAIRON BONILLA D/B/A<br>SANTILLAN FOUNDATION<br>Defendants. | §<br>§<br>§<br>§ | |

# PLAINTIFF'S ORIGINAL COMPLAINT

## SUMMARY

Dairon Bonilla d/b/a/ Santillan Foundation does not pay its AC Installers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the FLSA). Instead, Dairon Bonilla d/b/a/ Santillan Foundation pays its AC Installers straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Julio Barrera, and the other AC Installers are entitled to recover unpaid overtime as well as other damages.

1. Dairon Bonilla d/b/a/ Santillan Foundation's conduct in continuing to violate the FLSA despite knowledge of the Act constitutes a willful violation.

2. Defendant Dairon Bonilla d/b/a/ Santillan Foundation have a policy, enforced at all of its locations, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

3. Defendant Dairon Bonilla d/b/a/ Santillan Foundation is a domestic company with locations throughout Texas. Dairon Bonilla d/b/a/ Santillan Foundation may be served

with process through its Registered Agent, Dairon Bonilla at 19739 River Point Lane, Katy, Texas 77449.

4. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r). Additionally, under 29 C.F.R. 791.2(b)(1)(3), when the "employers are not completely disassociated with respect to the employment of particular employees, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by or is under common control with the other employer," a joint employment relationship exists. Here, Dairon Bonilla d/b/a/ Santillan Foundation are joint employers as the term "joint employer" is defined by the Fair Labor Standards Act and interpreted by the United States Department of Labor. 29 C.F.R.791.2(b)(1)(2).

6. Defendant installs AC units at homes and businesses.

7. Dairon Bonilla d/b/a/ Santillan Foundation would pay the AC Installers, determine their rates of pay, and designate the number of hours worked per week and assign them to work locations. Defendants would supervise the AC Installers, direct their day to day activities, inspect their work and otherwise control all aspects of the work performed by the AC Installers.

**JURISDICTION AND VENUE**

8. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper because defendant has locations in the Southern District of Texas and many of the relevant facts occurred there.

**PARTIES**

10. Julio Barrera worked for Dairon Bonilla d/b/a/ Santillan Foundation as a AC Installer. His written consent is attached.

11. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

12. The "FLSA Class Members" are all AC Installers who worked for Dairon Bonilla d/b/a/ Santillan Foundation at all locations throughout Texas, while not being paid time and a half for overtime hours worked in the last 3 years.

**FACTS**

13. Julio Barrera was an employee of Dairon Bonilla d/b/a/ Santillan Foundation

14. Julio Barrera was not an independent contractor.

15. No exemption to the provisions of the FLSA excused defendant from its obligation under the FLSA to pay Julio Barrera and putative class members time and a half for the hours worked past forty (40) each week while employed by defendants.

16. Dairon Bonilla d/b/a/ Santillan Foundation paid Plaintiff Julio Barrera straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendant.

17. Julio Barrera worked for Dairon Bonilla d/b/a/ Santillan Foundation as an AC Installer from January of 2016 to November 8, 2016. His job duties included installing duct for air conditioning units, running pipes, running flex, installing thermostats, hanging machines and everything needed to install air conditioning units.

18. The work performed by Plaintiff was the primary type of work that the defendants provide for their respective customers.

19. The work performed by Plaintiff and putative class members was an essential part of the services provided for Defendants' Customers.

20. Dairon Bonilla d/b/a/ Santillan Foundation's AC Installers relied on Defendants for their work.

21. Dairon Bonilla d/b/a/ Santillan Foundation determined where its AC Installers worked and how they performed their duties.

22. Dairon Bonilla d/b/a/ Santillan Foundation set AC Installers' hours and required them to report to work on time and leave at the end of their scheduled hours.

23. Dairon Bonilla d/b/a/ Santillan Foundation AC Installers at all locations work(ed) exclusively for Dairon Bonilla d/b/a/ Santillan Foundation since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

24. Defendants' AC Installers are not permitted to hire other workers to perform their jobs for them.

25. Defendants' AC Installers do not employ staff, nor do they maintain independent places of business.

26. AC Installers employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Dairon Bonilla d/b/a/ Santillan Foundation each day.

27. The AC Installers employed by Defendant cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Dairon Bonilla d/b/a/ Santillan Foundation

28. Dairon Bonilla d/b/a/ Santillan Foundation pays AC Installers in return for their labor.

29. Dairon Bonilla d/b/a/ Santillan Foundation deducted taxes from the paychecks of Plaintiff and similarly situated employees.

30. Dairon Bonilla d/b/a/ Santillan Foundation keeps records of the hours it instructed its AC Installers to work. Defendants also keep records of the amount of pay plaintiffs and putative class members receive.

31. Plaintiffs and putative class members were paid directly via bi-weekly pay check.

32. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

33. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

34. In addition to Julio Barrera, defendants employed more than twenty-five (25+) other AC Installers at the location where Plaintiff worked and at other locations. These AC Installers worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies.

35. The FLSA Class Members are similarly situated to Julio Barrera.

36. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All AC Installers who worked for Dairon Bonilla d/b/a/ Santillan Foundation at all of its locations while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

37. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Dairon Bonilla d/b/a/ Santillan Foundation violated the FLSA.

38. Dairon Bonilla d/b/a/ Santillan Foundation owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour

worked during the last three years.

39. Dairon Bonilla d/b/a/ Santillan Foundation knew, or showed reckless disregard for whether, their failure to pay overtime violated the FLSA. Defendant's failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

40. Dairon Bonilla d/b/a/ Santillan Foundation owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

41. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ Taft L. Foley II
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com
**Attorneys For Plaintiffs**